**Janet Faith FARB, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 09 81 109 CR.**

Court of Appeals of Texas, Beaumont.

April 14, 1982.

Philip Greene, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

## OPINION

KEITH, Justice.

Appellant waived indictment and was charged by felony information with possession of a controlled substance, methamphetamine. She waived a jury and entered a plea of not guilty to the Court. She was found guilty and punishment was assessed at confinement for three years probated.

The single ground of error complains of the action of the trial court in overruling appellant's motion to suppress the results of a search and the admission into evidence of the methamphetaime seized in such search. We overrule the complaint and affirm for the reasons now to be stated.

At about 1:45 a. m., December 2, 1979, Houston Police Officer J. W. Zahn answered a disturbance call at a convenience store in the 1800 Block of Richmond in Houston. He found a car perpendicularly blocking the westbound lane of the street with appellant slumped down in the driver's seat. The officer asked her to step out of the car and, as she did so, she emerged clutching a small backpack in both arms. According to Officer Zahn, she had dilated eyes, spoke in a slow and hesitant manner, was unsteady and swayed on her feet. Although he did not smell alcohol on her breath, Officer Zahn testified that in his opinion appellant was intoxicated.

The officer took the backpack from appellant, placed her in the patrol car, and made an inventory search of the backpack. He found a small make-up kit therein containing a razor blade, a couple of cut straws and a small brown transparent vial containing a white crystalline substance. The officer recognized the items as being paraphernalia used in diluting controlled substances and suspected that the crystalline substance was a narcotic. A field test of the substance conducted by Officer Brown of the Narcotics Squad confirmed Zahn's suspicions.

The State also established the departmental policy required the arresting officer to inventory seized property. The motion to suppress was overruled and the evidence seized in the search was admitted.

We have been favored with excellent briefs by both parties and commend counsel for their diligent efforts in presenting the authorities controlling the disposition of this case which rests, essentially, upon undisputed facts, since appellant did not testify except as to her eligibility for a probated sentence conforming to the plea bargain.

Appellant asserts, in the first sentence of the argument in her brief:

"Upon arresting the Defendant, Officer Zahn had the absolute, unqualified right, to then and there search the person of the Defendant. *Gustafson v. Florida*, 414 U.S. 260, 266, 94 S.Ct. 488, 492, 38 L.Ed.2d 456 (1973)."

We agree, but do not concur with counsel that the search of the backpack was violative of her constitutional rights under *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).[1]

In *Stewart v. State*, 611 S.W.2d 434 (Tex. Cr.App.1981), Judge Dally made an in depth survey of the many decisions on the subject, including *Chadwick*, supra, and upheld the

---

1. In fairness to counsel, we note that the brief was filed in August, 1980, prior to the decisions we discuss herein.

warrantless search of the defendant's purse as a search incident to a lawful arrest.

■ Under our record, the search of the backpack was lawful under the holding of *Stewart* as it was an object "immediately associated with the person of the arrestee" which was subject to search incident to a lawful arrest. See *Snyder v. State*, 629 S.W.2d 930 (Tex.Cr.App.1982) on rehearing. While searching the backpack and inventorying the make-up kit it became *immediately apparent* to Officer Zahn that the contents of the vial might contain contraband. The paraphernalia associated with illicit drug use was in such close juxtaposition to the vial that the conclusion was formed in the officer's mind.

Thus, the officer satisfied each of the three requirements of a lawful seizure under the plain view doctrine restated by Judge McCormick in *McGlynn v. State* (Tex. Cr.App.1981) (No. 67,435, December 23, not yet reported).[2] We distinguish the case at bar from *McGlynn* on the facts.

We follow *Stewart* as explained in *Snyder* and overrule appellant's ground of error. The judgment of the trial court is AFFIRMED.

---

**2.** The emphasized words "immediately apparent" were italicized in *McGlynn* where the officer testified that he came upon the contraband inadvertently, and the only suspicious circumstance about the pill bottle was that it contained different kinds of pills.