Riddle v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-273-CR

Â Â Â Â Â RITA FAYE RIDDLE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court # 930064 CR2
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â A jury found Rita Faye Riddle guilty of misdemeanor theft. Punishment was assessed by the
court at 90 days in jail, probated for one year, and a $1,500 fine with all but $150 probated. Â Â Â Â Â Â In a single point of error, Riddle complains that the trial court erred in admitting evidence
obtained from a warrantless search of her purse in violation of her rights under the Fourth
Amendment to the United States Constitution and Article I, Section 9, of the Texas Constitution. 
We will affirm. 
Â Â Â Â Â Â Prior to her arrest, Riddle was observed by a Sears' security officer on video monitors while
she got a shopping bag from her purse and placed four pairs of jeans into it. The security officer
then observed Riddle as she appeared to be leaving the store without paying for the merchandise,
but she turned back and obtained a cash refund on one of the pairs of jeans. After getting the cash
refund, Riddle exited the store and was immediately detained by a security officer and taken to the
store's Loss Prevention Office where the police were notified.
Â Â Â Â Â Â Officer Ruiz of the Waco Police Department responded to the call and, after viewing the
videotape showing Riddle's activities while in the store, Ruiz placed her under arrest and gave her
the Miranda warning. According to Officer Ruiz, Riddle was very evasive during questioning
about where she lived. During the questioning, Riddle started to reach into her purse. At that
point, Officer Ruiz instructed her to "leave everything the way it was and hand the purse to me." 
Upon searching the purse, Ruiz found numerous envelopes, shopping bags from various stores,
and over $800 in cash.
Â Â Â Â Â Riddle filed a motion to suppress, among other things, the contents of her purse. The motion
was overruled with respect to the contents of her purse. The standard of review governing a trial
court's ruling on a motion to suppress is whether the court clearly abused its discretion. Maddox
v. State, 682 S.W.2d 563, 564 (Tex. Crim. App. 1985). The trial judge is the sole fact finder at
a hearing on a motion to suppress and, as such, the judge may believe or disbelieve all or any part
of any witness' testimony. Taylor v. State, 604 S.W.2d 175, 177 (Tex. Crim. App. [Panel Op.]
1980). Because the trial court is the sole trier of fact at a hearing on a motion to suppress, any
finding supported by the record will not be disturbed. Green v. State, 615 S.W.2d 700, 707 (Tex.
Crim. App.[Panel Op.] 1980), cert. denied, 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981). 
Here, after Officer Ruiz reviewed the video tape depicting Riddle's activities while in the store,
he placed Riddle under arrest. The video had depicted Riddle as using the purse during the course
of her taking the blue jeans. Searches incident to lawful arrest have been found reasonable. See
U.S. v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476 (1977); Chimel v. California, 395 U.S. 752, 89
S.Ct. 2034 (1969). A search incident to arrest may be of the arrestee's person as well as any
personal property immediately associated with the person. Chadwick, 433 U.S. at 15, 97 S.Ct.
at 2485. Under the evidence, the Court could have found the search was reasonable as incident
to a lawful arrest.
Â Â Â Â Â Â Riddle contends that the search of her purse incident to her arrest was unlawful because, at
the time of her arrest, the purse was not immediately associated with her person. The evidence
revealed that Riddle was in possession of the purse during the course of the alleged theft of the
blue jeans and that she used the purse as an implement to carry items that were used in the
commission of the offense.
Â Â Â Â She further contends that the purse was more like a backpack or duffle bag, and therefore
should be characterized as luggage, which may not be searched without a warrant. The purse was
introduced into evidence as State's Exhibit 9. It is an unobtrusive, small black "clutch" type purse
with a shoulder strap. The purse in no way resembles a backpack or duffle bag, but is more like
a purse you would see a lady carry with her to church. Even if the purse was a large bag-type,
Texas courts have characterized backpacks and airline shoulder bags as items immediately
associated with the person. See Farb v. State, 634 S.W.2d 14, 15 (Tex. App.âBeaumont 1982,
no pet.); Lalande v. State, 651 S.W.2d 402, 405 (Tex. App.âEl Paso 1983, aff'd on pet. for disc.
rev.), 676 S.W.2d 115. Accordingly, we find no constitutional violations, and we hold that the
court did not err in admitting the purse and its contents into evidence. 
Â Â Â Â Â Â The judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOBBY L. CUMMINGS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Thomas.
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice Vance
Affirmed
Opinion delivered and filed September 21, 1994
Do Not Publish



irect evidence establishes that she
was intoxicated at the time she was allegedly operating a vehicle in a public
place.  However, we must use a totality of the circumstances approach to
determine whether Bailey was operating her motor vehicle while intoxicated.

Nichols was the first person to encounter Bailey in
the ditch.Â  Nichols testified that she found Bailey behind the wheel of her
vehicle with her seatbelt on and the car running.Â  She found that Bailey was
not alert, verbally non-responsive, and drooling.Â  Being EMT trained, Nichols took
BaileyÂs vital signs, including pulse and blood pressure, which she found to be
stable, and called 9-1-1 for medical help.Â  She also testified that while she
waited with Bailey the car was running and that one of the first responders later
turned it off.

Jack Terry, a firefighter EMT, arrived on the
scene and witnessed the front end of BaileyÂs car in a ditch. Â He checked the
vehicle for damage, and testified that when he arrived the vehicle was not
running and he did not remember if Bailey was wearing her seatbelt.Â  Bailey was
responsive but her speech was slurred.Â  Bailey also told him that she had taken
three Soma earlier in the day.

Here, the evidence established that on the date of
the offense Bailey was found disoriented inside her vehicle. Â The vehicle was
sitting partly in a ditch with the engine running. Â Several witnesses testified
that Bailey spoke with slurred speech and that they saw several prescription
pill bottles in the passenger seat of the vehicle.Â  Corporal Jeter administered
three sobriety tests all indicating that Bailey was intoxicated. Â Lastly, Bailey
admitted to Terry that she had consumed prescription medications that day.

Viewing the evidence in the light most favorable
to the prosecution, a rational jury could have found beyond a reasonable doubt
that Bailey operated her vehicle. Â See Jackson, 443 U.S. at 319, 99 S.Ct. at 2789; Herrin v. State, 125 S.W.3d 436, 439 (Tex. Crim. App. 2002). Â Viewing
the evidence in a neutral light, the jury was rationally justified in finding
beyond a reasonable doubt that Bailey operated her vehicle. Â See Watson v.
State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). Â Furthermore, Texas courts have upheld driving under the influence convictions when the driver is found
in a vehicle in a ditch with the operator alone behind the steering wheel.Â  See
Reynolds v. State, 744 S.W.2d 156, 158-59 (Tex. App.ÂAmarillo 1987, writ
refÂd).Â  Accordingly, the evidence that she did so is legally and factually
sufficient. Â Therefore, we overrule Bailey's first and second issues.

Hearsay Evidence

In her final issue, Bailey argues that the trial
court abused its discretion by allowing witnesses to recall the names on the
prescription pill bottles found in her car.Â  Specifically she argues that the
labels on the pill bottles could serves as proof of the contents of the pill
bottles thereby making them hearsay evidence.Â  The State replies that the
testimony regarding the labels does not constitute hearsay because the
statements were not being offered for their truth.Â  We agree.

We review a trial court's admission or exclusion
of evidence for abuse of discretion.Â  McDonald v. State, 179 S.W.3d 571,
576 (Tex. Crim. App. 2005).Â  ÂA trial court abuses its discretion when its
decision is so clearly wrong as to lie outside that zone within which
reasonable persons might disagree.ÂÂ  Id.

At trial, Jeter testified over objection to the
names of all the pills found in BaileyÂs car.Â  When Jeter attempted to explain
common names for the various prescriptions, the trial court properly limited
his testimony to the labels he observed on the pill bottles.Â  The testimony was
as follows: 

[Q]:Â  So
you werenÂt trying to prevent her from going to the hospital.

Â 

[A]: No.Â 
She had ample time to go to the hospital.Â  I just believe it was to the point
in time where the reality set in that she was going to goÂwith the handcuffs
and she was going to go to jail.Â  She wanted a way out.Â  

Â 

[Q]:Â  And
after you went back and talked to EMS, signed the form, what did you do next?Â 


Â 

[A]: I
got the prescription medications.Â  I believe there was, like, five or six of
them, seven of them.Â  I got the seven medications that were there, the bottles,
the prescription bottles that they had gathered up for me.Â  Then went back to
my car.Â  Began to read through them and see what she had been taking.Â  

Â 

[Q]:Â  And
what were they?Â Â  

Â 

[A]: Was
taking the Alprazolam, which is Xanax.Â  Hydrocodone, which is Vicodin. 

Â 

[BaileyÂs counsel]:Â  Your Honor, I renew my objection.Â  

Â 

[The State]: Your Honor, he can testify as to what he saw.Â  

Â 

[The Court]: I canÂt tell.Â  What heÂs saying?Â  Which is what? 

Â 

[The State]: Which medications were found. 

Â 

[BaileyÂs counsel]: HeÂs listing the medications.Â  I renew my
objection as to hearsay.Â  

Â 

[The Court]: The objection is overruled as long as just lists whatÂs on the
bottles without any explanation.Â  

Â 

Terry later testified that as a paramedic he is
trained to evaluate any potential prescriptions that a person may have ingested
and how much.Â  He testified that when he noticed the pill bottles on the
passenger seat, he read the labels to determine what Bailey could have
ingested.

The trial court did not abuse its discretion in
allowing the eyewitnesses to recall the names of the pill bottles found in
BaileyÂs car because the statements identifying the pills do not constitute
hearsay.Â  Hearsay is defined as "a statement, other than one made by the
declarant while testifying at the trial or hearing, offered in evidence to
prove the truth of the matter asserted."Â  Tex. R. Evid. 801(d); see Schaffer v. State, 777
S.W.2d 111, 115 (Tex. Crim. App. 1989).Â  Bailey was not charged with possession
or consumption of any of the prescription pills found in her car.Â  The
statements were not being offered for their truth, but provided context as to
why medical personnel reacted the way they did.Â  Bailey argued at trial that she
was improperly denied medical assistance.Â  It was therefore necessary for Terry
and Jeter to explain why she was not taken to the hospital and the procedures
they used to ensure that BaileyÂs health was not in danger.

Bailey also argues that the trial court erred in
admitting the statements naming the prescription pills because the pill bottles
should have been excluded because they were never admitted and they violate the
Best Evidence Rule.Â  However, Bailey failed to raise these objections at trial
and thus waived her complaint.

To complain of error on appeal, a defendant must
make a specific, timely objection during trial. Â Tex. R. App. P. 33.1(a)(1)(A); Havard v. State, 800
S.W.2d 195, 211 (Tex. Crim. App. 1989).Â  If a party fails to timely and
specifically object, error is not preserved, and the complaint is waived.Â  See
Mendez v. State, 138 S.W.3d 334, 339 (Tex. Crim. App. 2004).Â  A timely
objection is one that is raised at the earliest possible opportunity; a
specific objection is one that adequately describes the nature of the
complaint.Â  See Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App.
1995).Â  A defendant may not, on appeal, argue a reason for error that was not
urged at trial.Â  Havard, 800 S.W.2d at 211.

Because the trial court did not abuse its
discretion in admitting the references made to the prescription pills, we
overrule BaileyÂs third issue.

CONCLUSION

Having overruled all of BaileyÂs issues, we affirm
the judgment of the trial court.

Â 

Â 

Â 

BILL VANCE

Justice

Â 

Before Chief Justice
Gray,

Â Â Â Â Â Â Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â Â Â Â Â Â Â  Justice Reyna

(Chief Justice Gray
concurs in the judgment confirming BaileyÂs conviction.Â  A separate opinion
will not issue.)

Affirmed 

Opinion delivered and
filed July 9, 2008

Do not publish

[CR25]

Â 









[1] A muscle relaxing drug.