NO. 12-01-00300-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JEREMIAH PAUL DISNARD,
§
 APPEAL FROM THE 194TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 DALLAS COUNTY, TEXAS

 

 Jeremiah Paul Disnard ("Appellant") pleaded guilty to the offense of possession of a
controlled substance after the trial court denied his motion to suppress. The trial court assessed his
punishment at imprisonment for ten years, probated. Appellant now appeals the trial court's denial
of his motion to suppress. We affirm.


Background

 Grand Prairie Police Sergeant John Shaw ("Shaw") testified that he was patrolling on March
27, 2001, when a white Chevrolet failed to signal a right turn, which is a traffic violation. Shaw
initiated a traffic stop. There were two people in the car; Appellant was the driver and Troy Daniel
("Daniel"), the owner of the car, was sitting in the passenger seat. In addition to the failure to signal
a turn, Appellant was not wearing a seat belt. He was arrested for the traffic violation. There were
two backpacks in the back seat of the car; one belonged to Appellant and one belonged to the owner
of the car. Daniel was not arrested and his car was released to him. Appellant and his backpack
were taken to the jail by Officer Burns. As Appellant was booked into jail, Shaw performed a search
of his backpack. The bag contained methamphetamine, drug paraphernalia, and pornographic
magazines. Appellant was subsequently charged with possession of the contraband found in his
backpack. 

 Appellant filed a motion to suppress, arguing that the warrantless search was unreasonable
under both the United States and Texas Constitutions. After a hearing, the trial court denied his
motion. Appellant then pleaded guilty to the offense and the trial court assessed punishment at
imprisonment for ten years, probated. This appeal followed. We have jurisdiction to hear this
appeal under Article 44.02 of the Code of Criminal Procedure and rule 25.2(b) of the Rules of
Appellate Procedure. Appellant filed a motion to suppress in the trial court and it was denied. 
Therefore, Appellant has the right to appeal the substance of that motion to this court. See Tex.
Code Crim. Proc. Ann. art. 44.02 (Vernon Supp. 2001); Tex. R. App. P. 25.2(b).


Standard of Review

 Appellant complains that the methamphetamine seized from his backpack at the time he was
booked into the detention facility was seized in violation of Article I, section 9 of the Texas
Constitution and the Fourth Amendment of the United States Constitution. Thus, he contends that
the trial court's denial of his motion to suppress this evidence was an abuse of discretion. In
reviewing a trial court's ruling on a motion to suppress, an appellate court should generally afford
almost total deference to a trial court's determination of historical facts supported by the record,
especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The identical amount of deference
should be given to the trial court's rulings on application of law to fact questions, if the resolution
of those ultimate questions turns on an evaluation of credibility and demeanor. "The appellate courts
may review de novo 'mixed questions of law and fact' not falling within this category." Id. 

 In accordance with these principles, de novo review is appropriate when an appellate court
is presented with a question of law based on uncontroverted testimony and there is no indication that
the trial court did not believe that testimony. State v. Ross, 853, 857-58 (Tex. Crim. App. 2000);
Oles v. State, 993 S.W.2d 103, 105-06 (Tex. Crim. App. 1999); Maestas v. State, 987 S.W.2d 59,
62-63 n.8 (Tex. Crim. App. 1999). Here, Shaw's version of the facts was uncontroverted and the
trial court's ruling was not contrary to his testimony. Thus, we review the trial court's application
of the law concerning searches incident to arrest de novo, while affording almost total deference to
the trial court's determination of the historical facts. Guzman, 955 S.W.2d at 89; Reynolds v. State,
962 S.W.2d 307, 309 (Tex. App.-Houston [14th Dist.] 1998, pet. ref'd). When, as here, the trial
court does not make explicit findings of historical fact, we view the facts adduced at the suppression
hearing in the light most favorable to the trial court's ruling. Carmouche v. State, 10 S.W.3d 323,
327 (Tex. Crim. App. 2000); Vargas v. State, 18 S.W.3d 247, 251 (Tex. App.-Waco 2000, pet.
ref'd). A trial court's ruling should be upheld if it can be upheld on any valid theory. McFarland
v. State, 845 S.W.2d 824, 846 n.15 (Tex. Crim. App. 1992); Graham v. State, 893 S.W.2d 4, 7 (Tex.
App.-Dallas 1994, no pet.).


Search Incident to Arrest

Violation of Fourth Amendment

 In issue one, Appellant complains that the search of his backpack at the police station was
a violation of the Fourth Amendment to the United States Constitution, in that it constituted an
unreasonable search and seizure. Where there has been a valid custodial arrest, the arresting officers
may conduct a complete search of the arrested person; they do not have to confine the search to a
search for weapons. This rule is applicable even though the arrest is for a traffic offense. United
States v. Robinson, 414 U.S. 218, 234-35, 94 S. Ct. 467, 476-77, 38 L. Ed. 2d 427 (1973). The right
to search the person also includes the right to search personal effects that are immediately associated
with the person. Snyder v. State, 629 S.W.2d 930, 934 (Tex. Crim. App. 1982)(wallet); Farb v.
State, 634 S.W.2d 14, 16 (Tex. App.-Beaumont 1982, no pet.)(backpack). The search of the person
and his personal effects does not have to take place at the situs of the arrest. Rogers v. State, 774
S.W.2d 247, 264 (Tex. Crim. App. 1989). Law enforcement agents have an established right to
search a person and any article or container in the person's possession as an incident of a routine
booking procedure when the person is being incarcerated. Illinois v. Lafayette, 462 U.S. 640, 648,
103 S. Ct. 2605, 2610-11, 77 L. Ed. 2d 65 (1983)(shoulder bag). When a suspect has been jailed,
a search of his or her clothes one day later has been held justified as incident to arrest. United States
v. Edwards, 415 U.S. 800, 803-05, 94 S. Ct. 1234, 1237-38, 39 L. Ed. 2d 771 (1974). The Supreme
Court has stated that "[i]ndeed, it is difficult to perceive what is unreasonable about the police's
examining and holding as evidence those personal effects of the accused that they already have in
their lawful custody as the result of a lawful arrest." Id. at 806, 94 S. Ct. at 1238. 

 In Oles v. State, 993 S.W.2d 103 (Tex. Crim. App. 1999), the Texas Court of Criminal
Appeals expressly accepted this statement in Edwards in a case upholding a delayed search of the
clothing of an arrestee that was more extensive that the original search. Id. at 110-11 (laboratory
examination by serologist revealing blood traces not apparent to naked eye eight days after arrest
does not violate Fourth Amendment). The court of criminal appeals held that an arrestee must prove
that his or her conduct reflected a genuine expectation of privacy that society would deem objectively
reasonable under the circumstances and that a jail cell and a storage facility operated by law
enforcement are places commonly associated with notions of privacy. Because "no situation
imaginable is as alien to the notion of privacy than an arrestee sitting in a jail cell, completely
separated from his effects that are lawfully controlled and inventoried," the court reasoned that "it
is proper for police to examine and test clothing validly within their control and custody, regardless
of the existence of probable cause or exigent circumstances." Id. at 109. 

 The legal basis for concluding that searches incident to arrest are reasonable within the
meaning of the federal constitution, i.e., to discover weapons, evidence, and contraband, is ordinarily
applicable during the entire interval following arrest and leading ultimately either to detention of the
suspect or to his release on bail pending formal accusation and trial. Rogers, 774 S.W.2d at 264;
Marqez v. State, 725 S.W.2d 217, 234 (Tex. Crim. App. 1987). During this period, arrestees suffer
a diminished expectation of privacy. For example, when booked into a detention facility, they may
be thoroughly searched without a warrant to make an inventory of their belongings. Lafayette, 462
U.S. at 643-44, 103 S. Ct. at 2608. Also, during periods of their detention, they may be subjected
routinely to searches for security purposes under circumstances not providing probable cause to
believe that a crime has been committed or contraband concealed, again without the necessity of a
search warrant. Bell v. Wolfish, 441 U.S. 520, 556-58, 99 S. Ct. 1861, 1883-84, 60 L. Ed. 2d 447
(1979). Given these considerations, we are unwilling to hold that searches conducted while the
suspect is processed through initial levels of the criminal justice system require the issuance of a
search warrant or are subject to more restrictive notions of reasonableness than apply in the case of
other searches incident to lawful arrest and detention. See Rogers, 774 S.W.2d at 264. 

 The search of which Appellant complains here was made subsequent to an arrest, the legality
of which is not challenged, while Appellant was still in custody of the arresting officers, making it
subject to usual notions of search incident to a lawful arrest and detention. The trial court did not
abuse its discretion in finding the search to be reasonable under these circumstances and in refusing
to suppress the evidence seized. Consequently, we overrule Appellant's first issue.

Violation of Article I, section 9 

 Because Appellant does not provide separate authority or argument for his state constitutional
claims, we decline to address them. See Tex. R. App. P. 38.1(h); Balentine v. State, 71 S.W.3d 763,
767 n.2 (Tex. Crim. App. 2002); Heitman v. State, 815 S.W.2d 681, 690 n. 22 (Tex. Crim. App.
1991). Accordingly, we overrule issue two. 

 We affirm the judgment of the trial court.


 JIM WORTHEN 

 Justice




Opinion delivered August 21, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.


















(DO NOT PUBLISH)









COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



AUGUST 21, 2002



NO. 12-01-00300-CR



JEREMIAH PAUL DISNARD,


Appellant


V.


THE STATE OF TEXAS,


Appellee



 


 Appeal from the 194th Judicial District Court


 of Dallas County, Texas. (Tr.Ct.No. F01-32342-M)





 



 THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this court that there was no error in the judgment.

 It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below be in all things affirmed, and that this decision be certified to the court below
for observance.

 Jim Worthen, Justice.

 Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.