**Joseph Thomas BARNES, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 09–81–111 Cr.**

Court of Appeals of Texas, Beaumont.

April 21, 1982.

Jeff Malm, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was convicted by a jury with the offense of possession with intent to deliver methamphetamine. The jury assessed punishment at ten years confinement in the Texas Department of Corrections which brings this appeal.

■ Appellant's first ground of error complains of various arguments of State's attorney. The ground is multifarious. *Vernon's Ann.C.C.P., Art. 40.09(9); Stein v.*

*State*, 514 S.W.2d 927, 931 (Tex.Cr.App. 1974); *Fuller v. State*, 501 S.W.2d 112, 115 (Tex.Cr.App.1973). Nevertheless, in the interest of justice, we have reviewed each complaint and fail to find reversible error under the guidelines as follows: *Simpkins v. State*, 590 S.W.2d 129, 136 (Tex.Cr.App. 1979); *Thomas v. State*, 519 S.W.2d 430, 431 (Tex.Cr.App.1975); *Brown v. State*, 475 S.W.2d 761, 762 (Tex.Cr.App.1971). This ground of error is overruled.

■ Appellant's second ground of error complains he was subjected to an illegal search and seizure. Appellant filed a motion to suppress evidence obtained from his satchel which the court overruled. A brief recitation of the facts leading up to the search by the officer needs recitation. Shortly before 7 a. m., October 20, 1979, police officer B. R. Cannon, after a call, proceeded to 102 West Rocky Creek in Houston, Texas. When he got to this residence he saw a large hole in the front plateglass window. On the porch was a satchel with a box of pistol bullets protruding. When no one answered the officer's door knock, he called the dispatcher who then rang the number of the residence.

Appellant came to the front door and opened it. Appellant had bloody hands and appeared frightened. The officer asked appellant to step outside which he did. Appellant picked up the satchel, and he and the officer walked to the patrol car. The latter testified he was concerned the satchel contained a weapon; so, he (the officer) kept his hand on his gun and his eyes on appellant, who carried the satchel in his left hand. It was then (at the car) the officer searched the satchel finding the methamphetamine and the other articles later herein discussed. There has been much written by our courts about when and when not an officer may conduct a warrantless search. See the case including the concurring opinion of *Stewart v. State*, 611 S.W.2d 434 (Tex.Cr.App.1981), which discusses most of these authorities. See our recent case (written by Judge Keith) of *Janet Faith Farb v. State*, 634 S.W.2d 14 (1982);

also, S. Hancock, "When Can A Policeman Search?" 45 Tex.B.J. 442 (1982).

We have seen no case denying a police officer the right to search the person of a suspect or arrestee, when the officer, from his standpoint, has objective and reasonable cause to suspect or fear the former may be in possession of a weapon. Any other rule would make it extremely difficult for society to recruit reasonable and normal officers. When this officer arrived at this residence, he could see the front glass had been broken into. Later he saw a bloodied appellant holding a satchel or bag from which the officer had seen pistol bullets protruding. From his standpoint, the officer had every right to feel appellant possessed a weapon. In fact, appellant was carrying a pistol when he broke through the window, but he left it inside the house. This ground of error is overruled.

■■■ Ground of Error No. 3 complains the trial court commented on the evidence. The statements of the court complained of are as follows: "Don't hand that bag to him with that pistol in it"; various objections to questions by appellant's counsel; and admonishments by the court to appellant's counsel.

Once again, we note the multifariousness of the ground of error, but we review it nevertheless. As to the court's order to take the pistol out of the bag, it was certainly understandable. After all, the court carries a heavy responsibility for the safety of all within his courtroom. And, he did instruct the jury to not regard his decision as any evidence. See *Adams v. State*, 309 S.W.2d 245, 246 (Tex.Cr.App.1958); *Burge v. State*, 443 S.W.2d 720, 724 (Tex.Cr.App. 1969), cert. denied 396 U.S. 934, 90 S.Ct. 277, 24 L.Ed.2d 233 (1969). Nor do we find any error or prejudice to the court interposing his own objections. See *Gaines v. State*, 481 S.W.2d 835, 837 (Tex.Cr.App.1972); *Hovila v. State*, 562 S.W.2d 243, 248–249 (Tex.Cr.App.1978), cert. den. per curiam, 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979). Reasonable admonishments by a trial court to the attorneys are necessary

unless a trial becomes a Roman Circus. See *Duran v. State*, 505 S.W.2d 863, 865 (Tex. Cr.App.1974); *Rodriquez v. State*, 552 S.W.2d 451, 456 (Tex.Cr.App.1977). This ground of error is overruled.

■■ Appellant's next ground of error complains the evidence is insufficient to support the conviction. The argument advanced is there is no evidence relating to either delivery or intent to deliver. The evidence must be considered in the light most favorable to the jury's verdict. *Seaton v. State*, 564 S.W.2d 721, 724 (Tex.Cr. App.1978); *McManus v. State*, 591 S.W.2d 505, 513 (Tex.Cr.App.1979).

Appellant was in possession of ten grams of methamphetamine which an expert testified indicated a dealer. He had a "needs sheet" listing drugs, quantities, selling price, and expected income. People (or names) were listed showing how much of each kind of drug they had on hand, as well as a set of books showing how much money was owed him. We understand appellant did not so construe these "records," but a trained narcotics officer did, and so construed and identified them to the jury. And, it was the jury's prerogative to form its belief. See authorities earlier cited under this ground. This ground of error is overruled.

■■■ Appellant's final ground of error complains of the court's overruling objections calling for "improper opinion testimony." Officer John Tanner, an undercover narcotics agent, testified that a person caught with ten grams of methamphetamine was usually a dealer; he also examined the four packets found in the bag and gave his opinion about the probable purpose of the substance in the packets. Qualification of an expert witness is committed to the discretion of the trial court. *Bueno v. State*, 501 S.W.2d 339, 341–342 (Tex.Cr.App. 1973). Opinion evidence to be admissible must come from a competent and qualified witness, the subject must be one upon which the aid of an expert opinion will be of assistance to the jury, and the testimony must not state a legal conclusion. *Hopkins*

**28**

*v. State*, 480 S.W.2d 212, 218 (Tex.Cr.App. 1972); *Chambers v. State*, 568 S.W.2d 313, 325 (Tex.Cr.App.1978), cert. denied per curiam, 440 U.S. 928, 99 S.Ct. 1264, 59 L.Ed.2d 484 (1979). This officer had seven years experience in his field and had made hundreds of methamphetamine buys a year. The street use of this drug and the interpretation of the "records," as well as the paraphernalia found in the bag—all clearly contributed to a subject upon which the aid of an expert was needed by the jury. He gave no legal conclusions. This ground of error is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.