**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4999**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LANAIRE E. WHITE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Mark S. Davis, District Judge.   (4:11-cr-00011-MSD-TEM-1)

Submitted: April 20, 2012          Decided:  May 4, 2012

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen A. Hudgins, STEPHEN A. HUDGINS, PC, Poquoson, Virginia, for Appellant.   Neil H. MacBride, United States Attorney, Brian J. Samuels, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lanaire E. White challenges the district court's jurisdiction over his prosecution. A jury convicted White of sixteen federal offenses: conspiracy to commit wire fraud, in violation of 18 U.S.C.A. §§ 1343, 1349 (West Supp. 2011) (Count 1); wire fraud, in violation of 18 U.S.C.A. §§ 1343, 2 (West Supp. 2011) (Counts 2-10); theft of government property, in violation of 18 U.S.C. §§ 641, 2 (2006) (Count 11); unauthorized access device fraud, in violation of 18 U.S.C. §§ 1029(a)(2), 2 (2006) (Counts 12-15); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006) (Count 16). He was sentenced to eighty-four months' imprisonment followed by three years of supervised release and ordered to pay restitution and a special assessment. We affirm.

White contends that the district court lacked jurisdiction over his prosecution because he is a Moorish American. White's argument seems to rest on the proposition that his ancestors were captured, bonded into slavery, and transported to the United States against their will and then ostensibly (but not actually) made citizens of the United States through emancipation from slavery. According to White, descendants of freed slaves are not United States citizens, but confiscated human property for which no compensation has been

paid. His argument, however, fails to make the necessary link between his historical recitation and the jurisdiction of federal district courts.[*]

We review a challenge to a district court's jurisdiction de novo. United States v. Winfield, 665 F.3d 107, 109 (4th Cir. 2012). We find no merit in White's jurisdictional argument. Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a district court's jurisdiction in criminal prosecutions: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States." 18 U.S.C. § 3231 (2006); see also Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." (quoted in United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006)).

---

[*] To the extent that White's opening brief obtusely refers to other potential arguments, we find those arguments waived for failure to develop them as required by Fed. R. App. P. 28. See, e.g., Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006).

Physical presence in the United States usually supplies the only necessary prerequisite for personal jurisdiction in a federal criminal prosecution. See United States v. Wilson, 721 F.2d 967, 972 (4th Cir. 1983) ("It has long been the general rule that a court's power to try a criminal defendant is not impaired by the government's use of even forcible abduction to bring the defendant within the court's jurisdiction."); see also United States v. Burke, 425 F.3d 400, 408 (7th Cir. 2005) ("Personal jurisdiction is supplied by the fact that [the defendant] is within the territory of the United States."); United States v. Rendon, 354 F.3d 1320, 1326 (11th Cir. 2003) ("A federal district court has personal jurisdiction to try any defendant brought before it on a federal indictment charging a violation of federal law."). The manner through which a defendant found himself within the United States generally does not affect the jurisdiction of the district court to preside over his prosecution. See United States v. Alvarez-Machain, 504 U.S. 655, 657 (1992) (district court had jurisdiction over prosecution of Mexican national who had been forcibly kidnapped and brought to the United States where abduction did not violate extradition treaty between United States and Mexico); Frisbie v. Collins, 342 U.S. 519, 522 (1952) ("[T]he power of a court to try a person for crime is not

impaired by the fact that he had been brought within the court's jurisdiction by reason of a 'forcible abduction.'" (citing Ker v. Illinois, 119 U.S. 436, 444 (1886)); see also Kasi v. Angelone, 300 F.3d 487, 493-500 (4th Cir. 2002) (forcible abduction of defendant from Pakistan did not divest state trial court of jurisdiction because such abductions were not prohibited by relevant extradition treaty); United States v. Porter, 909 F.2d 789, 791-92 (4th Cir. 1990) (district court had jurisdiction over defendants involuntarily deported from the Philippines to the United States); United States v. Arbane, 446 F.3d 1223, 1225 (11th Cir. 2006) ("[A] criminal defendant cannot defeat personal jurisdiction by asserting the illegality of the procurement of his presence in the relevant jurisdiction — here, the United States.").

We therefore find no merit in White's claim that the district court lacked jurisdiction over his prosecution because his ancestors had been illegally seized and brought to the United States. He was present in the district court and prosecuted for the commission of federal offenses. In short, "[t]here is nothing in the Constitution that requires a court to permit a guilty person rightfully convicted to escape justice because he was brought to trial against his will." Frisbie, 342 U.S. at 522.

5

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED