**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00094-CR**
_____

**ETHAN WATSON BORNE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause No. 18-09-12373-CR**

**OPINION**

Pro se Appellant Ethan Watson Borne appeals his conviction for the manufacture or possession of a controlled substance—lysergic acid diethylamide (LSD)—with the intent to deliver, in an amount of eighty abuse units or more but less than 4,000 abuse units, a first-degree felony. *See* Tex. Health & Safety Code Ann. § 481.1121. The court assessed punishment at ten years' imprisonment, probated for a period of ten years. Borne raises three issues on appeal related to

1

jurisdiction, due process, and alleged violations of certain constitutional rights. We affirm.

## Background

A grand jury indicted Borne for possession of LSD, a controlled substance, with intent to deliver. *See id.* At trial, Department of Public Safety (DPS) Trooper Christopher Olvera testified that he stopped Borne's vehicle in The Woodlands after the trooper's radar unit showed that Borne was traveling fifty-four miles per hour (mph) in a forty-five mph zone. Olvera asked Borne for his driver's license and noticed that Borne's hands were "shaking uncontrollably" and Borne tried to hand the trooper a credit card instead of his driver's license. Olvera observed a "wad of money" and a "vape pen"[1] inside the vehicle, and after he asked Borne to get out of his car, Olvera also saw a white powdery substance on the driver's seat.

According to Trooper Olvera, after Borne refused consent to search his vehicle, Olvera called for a canine unit. Montgomery County Sheriff's Deputy David Everton responded with his canine partner, and the canine alerted to an odor of a controlled substance. Olvera searched Borne's car and found LSD in the center console, the glove compartment, and Borne's wallet. Olvera found a total of 277

---

[1] Trooper Olvera explained that a "vape pen" is an electronic cigarette that some people use to smoke THC (tetrahydrocannabinol) oil.

LSD abuse units, along with $238 in cash on the floorboard and $361 in cash in Borne's wallet. Olvera testified that he also saw a text message appear on Borne's cell phone, asking about the availability of "fungus and/or acid," and Olvera explained that "fungus" is a street name for psilocybin mushrooms and acid is a street name for LSD. The State offered into evidence a Controlled Substance Analysis Laboratory Report of a substance found with Borne, and the report described the substance as 277 squares of paper containing LSD. Trooper Olvera testified that the amount of LSD found was "a very large amount[,] . . . way more than a personal use amount[]" and the Trooper believed that Borne possessed the drugs with the intent to deliver.

Borne did not dispute the facts at trial. The jury found Borne guilty, and after a hearing on punishment, the trial court sentenced Borne to ten years' imprisonment probated for ten years.

Issues

Appellant summarizes his issues on appeal as follows:

> I submit this appeal to this Honorable Court as the law in which the trial court has jurisdiction over me, a man, was not proven on the record, I was denied due process of law, a right protected by the Texas and United States Constitutions, and other constitutionally protected rights that were violated.

3

Standard of Review

Borne appeared pro se at trial and on appeal. A pro se litigant must comply with the rules of evidence and procedure and is not to be granted any special treatment because he has asserted his pro se rights. *Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988); *Griffis v. State*, 441 S.W.3d 599, 612 (Tex. App.—San Antonio 2014, pet. ref'd). Although we construe pro se arguments "with patience and liberality[,]" Borne, as a pro se appellant, is not entitled to any special treatment and is held to the same standards as licensed attorneys. *See Grubbs v. State*, 440 S.W.3d 130, 133 n.1 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

To preserve error for review, a litigant must timely object to the alleged error and state the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context of the objection. *See* Tex. R. App. P. 33.1(a)(1)(A); *Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998). The purposes of requiring a timely, specific objection are (1) to inform the judge of the basis of the objection and give him the chance to make a ruling on it, and (2) to give opposing counsel the chance to remove the objection or provide other testimony. *Garza v. State*, 126

S.W.3d 79, 82 (Tex. Crim. App. 2004) (citing *Zillender v. State*, 557 S.W.2d 515, 517 (Tex. Crim. App. 1977)).

An appellate brief must state all issues presented for review clearly and concisely and include appropriate citations to authorities and to the record. *See* Tex. R. App. P. 38.1(f), (i). Borne's brief raises sub-issues within each main issue. When an appellant raises multiple issues in a single point of error, the point of error is multifarious, and an appellate court may decline to address those matters. *See Mays v. State*, 318 S.W.3d 368, 390 n.82 (Tex. Crim. App. 2010) (citing *Wood v. State*, 18 S.W.3d 642, 649 n.6 (Tex. Crim. App. 2000). However, we may address the issue in the interest of justice if we can determine, with reasonable certainty, the alleged error about which a complaint is made. *See Davidson v. State*, 249 S.W.3d 709, 717 n.2 (Tex. App.—Austin 2008, pet. ref'd); *Marcum v. State*, 983 S.W.2d 762, 767 n.1 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd); *Barnes v. State*, 634 S.W.2d 25, 26 (Tex. App.—Beaumont 1982, no pet.).

Jurisdiction

Borne argues that the State did not prove that the trial court had "subject matter jurisdiction" over him for numerous reasons. Although Borne presents a multifarious issue, in the interest of justice we address arguments that can be sufficiently identified. *See Barnes*, 634 S.W.2d at 26.

<u>"Consent" and "Proven on the Record"</u>

Borne argues that he did not consent to the trial court's jurisdiction over him and jurisdiction was not proven on the record. Borne presents no legal authority that his consent was required for the district court to have jurisdiction over him in a criminal proceeding, nor does he explain his "proven on the record" complaint. *See* Tex. R. App. P. 38.1(i).

The Texas Constitution invests state district courts with "exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies[.]" *See* Tex. Const. art. V, § 8. "The presentment of an indictment or information to a court invests the court with jurisdiction of the cause." *Id.* § 12. A grand jury indicted Borne for an offense under section 481.1121 of the Health and Safety Code. *See* Tex. Health & Safety Code Ann. § 481.1121. The presentment of the grand jury's indictment invested the district court with subject matter jurisdiction over the case. *See* Tex. Const. art. V, § 12; *see also Thoman v. State*, No. 07-11-0278-CR, 2013 Tex. App. LEXIS 4413, at **8-9 (Tex. App.—Amarillo Apr. 4, 2013, pet. ref'd) (mem. op., not designated for publication) (rejecting a similar challenge to the district court's jurisdiction where "the clerk's record contains an information regular on its face . . . [and] [n]othing in the clerk's record suggests the trial court lacked personal or subject matter jurisdiction[.]").We find Borne's argument unavailing.

<u>Person</u>

Borne argued that the trial court lacked jurisdiction over him because he was a "living breathing, sovereign, flesh and blood man" and not a "Legal Fiction Person[.]" Borne also raises this argument on appeal. Borne filed a "Non-Negotiable Notice of Acceptance" and a "Notice of Dishonor" with the trial court that state:

> I, a man called Ethan Watson Borne, reserve all my rights without prejudice UCC 1-103 & 1-308. I am a moral man and a Texas Citizen/National and not a citizen, resident, person, individual or inhabitant of the corporate United States. I am not a creature of THE STATE OF TEXAS, THE UNITED STATES, or any other government.

Borne also asserted that "The State of Texas is a Fiction" unless the trial court and district attorney could prove otherwise and that he is "a Texas National[.]" In a "Judicial Notice" filed with the trial court, Borne argued that

> The "Texas Control Substances Act," which is located in the Texas Health and Safety Code states that statute 481.1121 only applies to a person which is defined as "legal entities" and, as I have stated many times, I am in fact a living man and NOT a legal entity[.]

During the charge conference at trial, Borne requested that a definition of "person" be added to the jury charge. The court added the definition of "person" that is

7

contained in section 481.002 of the Controlled Substances Act to the charge.[2] Borne agreed on the record to the additional instruction.

The definition of "person" under the Health and Safety Code includes individuals. *Id.*; *State v. Morello*, 547 S.W.3d 881, 886 (Tex. 2018). Because there is no statutory definition excluding individuals from the definition of person, we interpret the term as it applies in common usage—to include individuals. *See Morello*, 547 S.W.3d at 886. Under the plain language of the Controlled Substances Act, an individual may be charged with a felony for manufacture or delivery of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.1121; *cf. Morello*, 547 S.W.3d at 886. Therefore, Borne's argument lacks merit.

UCC

We understand Borne to argue that, because he signed documents by writing "w/o prej. UCC 1-308[,]" the trial court lacked jurisdiction over him and the lack of jurisdiction deprived him of due process. Borne filed a document with the trial court styled "Response to and Affidavit of Complaint[,]" which stated, in relevant part:

> The signature on the driver's license is below the words that I wrote in: "Without Prejudice, U.C.C. 1-308." (See Exhibit 1) I signed it this way because I was compelled to get the driver's license by The State of Texas against my will and I wanted to give notice and reserve my right

---

[2] "'Person' means an individual, corporation, government, business trust, estate, trust, partnership, association, or any other legal entity." *See* Tex. Health & Safety Code Ann. § 481.002(33).

8

to travel freely and contract with who or whom I choose. (Article 1 Sec. 16 Bill of Rights, The Texas Constitution).

Borne also signed other documents he filed in this case "w/o prejudice UCC 1-308[.]"

The Uniform Commercial Code (UCC) applies to commercial transactions and does not apply to criminal proceedings. *See Barcroft v. State*, 881 S.W.2d 838, 840 (Tex. App.—Tyler 1994, no pet.) (citing Tex. Bus. & Com. Code Ann. § 1.102). Borne's UCC argument is unavailing.

"Enacting Clause"

We understand Borne to argue on appeal that section 481.1121 of the Texas Health and Safety Code does not have an "enacting clause," which he argues is "mandated" by the Texas Constitution. As a result, he concludes the trial court lacked jurisdiction. Borne filed a motion to dismiss for lack of subject-matter jurisdiction in the trial court making this same argument.

Borne has cited no authority for his argument that the requirement of an enacting clause is a jurisdictional matter. *See* Tex. R. App. P. 38.1(i). The Texas Constitution provides that "The enacting clause of all laws shall be: 'Be it enacted by the Legislature of the State of Texas.'" Tex. Const., art. III, § 29. The version of section 481.1121 under which Borne was charged was enacted under Senate Bill 1969, Act of May 11, 2009, 81st Leg., R.S., ch. 87, § 25.096, 2009 Tex. Gen. Laws

363, 363-64. The opening words of Senate Bill 1969 read "Be it enacted by the Legislature of the State of Texas[.]" *Id.* at 2009 Tex. Gen. Laws 208. Thus, the section at issue was enacted by the Texas Legislature and contains an enacting clause. Borne's argument is overruled.

"Common Law Court"

> Borne argues on appeal that:
>
> I brought a complaint against [the trial court judge] and [the prosecutor] in a superior court, a common law court. [The trial court judge] and [the prosecutor] were given proper due process by service of that complaint and notice of a common law trial [] to be held on February 16, 2019. [The trial court judge] or [the prosecutor] did not respond to the complaint or appear for trial. A common law jury found that they had violated my constitutionally protected rights, among other things, and issued an Injunctive Relief in the Nature of a Writ of Mandamus[]. That Injunctive Relief was filed in this matter and served upon [the trial court judge] and [the prosecutor].

According to Borne, the "common law court" found him innocent of all criminal charges, which the trial court "ignored[.]"

> Before trial, Borne filed a document styled "Injunctive Relief in the Nature of a Writ of Mandamus" that states, in relevant part:
>
> The Texas People through their Jural Assembly and common law court have determined that [the trial court judge], [the district attorney], and all other actors and officers of the 221st alleged judicial district court, Conroe, Texas, lack standing and capacity to sue any Texas man or woman. This court finds Ethan Watson; Borne, innocent of all criminal charges.

10

In another document in the clerk's record Borne alleges that a jury of the "Texas Jural Assembly operating under the common law and holding common law court/trials" had ordered the case dismissed for lack of jurisdiction for "lack of due process of law[] and lack of an injured party."

At trial Borne referenced the "common law court" in support of his jurisdictional arguments. Assuming without deciding that Borne's argument on appeal comports with his argument in the trial court, the record lacks authority or to support the jurisdiction—if any—of the so-called "common law court." *See* Tex. R. App. P. 38.1(i). Borne has cited no legal authority regarding the jurisdiction of a "Texas Jural Assembly," nor are we aware of any. *See id.*

"Sovereign Citizen"

Borne's brief also includes arguments claiming he has rights as a "sovereign citizen" as a "white man" and under the First Amendment and not a "14th Amendment citizen created by Congress who [is] given privileges and immunities instead of constitutionally protected rights." At trial, Borne denied that he was making a "sovereign citizen" argument. When an appellant's trial objection does not comport with his argument on appeal, the appellant has not preserved the issue. *See Ford v. State*, 488 S.W.3d 350, 351 (Tex. App.—Beaumont 2016, no pet.) (citing *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)); *Shelling v. State*,

11

52 S.W.3d 213, 218 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (citing *Coffey v. State*, 796 S.W.2d 175, 179 (Tex. Crim. App. 1990) (a point of error that does not comport with the trial objection presents nothing for review)).

That said, even if Borne had preserved a "sovereign citizen" argument, Borne's alleged sovereign-citizen status does not mean he should be allowed to violate state laws without consequence, nor does it exempt Borne from the jurisdiction of the Texas courts. *See, e.g.*, *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011), *cert. denied*, 565 U.S. 1226 (2012) (providing "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts[]"); *United States v. White*, 480 F. App'x 193, 194 (4th Cir. 2012) (providing "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a [] court's jurisdiction in criminal prosecutions[]"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (noting the sovereign citizen defense has "no conceivable validity in American law[]"); *Berman v. Stephens*, No. 4:14-CV-860-A, 2015 U.S. Dist. LEXIS 75506, at *5 (N.D. Tex. June 10, 2015) (concluding that an inmate's "reliance on the UCC or a so-called 'sovereign citizen' theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous") (collecting cases)).

Similarly, our sister state courts have unanimously rejected "sovereign citizen" arguments. *See Meyer v. State*, No. 06-19-00066-CR, 2019 Tex. App. LEXIS 8231, at **1-2 (Tex. App.—Texarkana Sept. 11, 2019, no pet.) (mem. op., not designated for publication); *Ex parte Blakely*, No. 02-17-00393-CR, 2018 Tex. App. LEXIS 1779, at *6 (Tex. App.—Fort Worth Mar. 8, 2018, pet. ref'd) (mem. op., not designated for publication); *Barcroft v. Walton*, No. 02-16-00110-CV, 2017 Tex. App. LEXIS 8541, at *11 n.10 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.) (mem. op., not designated for publication); *Lewis v. State*, 532 S.W.3d 423, 430-31 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *Barcroft v. County of Fannin*, 118 S.W.3d 922, 925-26 (Tex. App.—Texarkana 2003, pet. denied); *Alvarez v. State*, No. 03-02-00262-CR, 2003 Tex. App. LEXIS 7910, at **11-14 (Tex. App.—Austin Sept. 11, 2003, no pet.) (mem. op., not designated for publication). We agree with these courts, and we reject Borne's "sovereign citizen" arguments.

We overrule Borne's first issue challenging the jurisdiction of the district court.

## Right of Self-Representation

Borne's second issue on appeal argues that he was denied due process because, in appointing stand-by counsel to assist him, the trial court denied him his right to represent himself. According to Borne, the trial court used its power "as a

13

tool . . . against [Borne], and willfully and intentionally violated [his] constitutionally protected rights and denied [him] due process of law."[3]

The Sixth Amendment guarantees a defendant the right to counsel. *See Strickland v. Washington*, 466 U.S. 668, 685 (1984); *see generally Gideon v. Wainwright*, 372 U.S. 335 (1963). The Sixth Amendment also protects the right to self-representation. *See Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008) (citing *Faretta v. California*, 422 U.S. 806, 818 (1975)). And, the Texas Constitution provides that a defendant "shall have the right of being heard by himself or counsel, or both[.]" Tex. Const. art. I, § 10. That said, the Supreme Court expressly held in *Faretta* that a state may—even over the defendant's objection—appoint standby counsel to assist the defendant. *See Faretta*, 422 U.S. at 834 n.46. Standby counsel is available to advise a pro se defendant, but the defendant is not required to seek the assistance of standby counsel. *See id.*

The record reflects that before trial, the trial court held a *Faretta* hearing and determined that Borne knowingly and voluntarily wished to proceed pro se of his

---

[3] Borne does not argue that he was not properly admonished of the risks of self-representation as required by *Faretta*. *See Hatten v. State*, 71 S.W.3d 332, 333 (Tex. Crim. App. 2002) (citing *Faretta v. California*, 422 U.S. 806, 835-36 (1975)) ("When a criminal defendant chooses to waive his right to counsel and represent himself, the waiver should be made 'knowingly and intelligently' and he should be warned of the 'dangers and disadvantages' accompanying such waiver.").

own free will, and the court appointed standby counsel for Borne. *See id.* at 835 (requiring a hearing to determine that the defendant's decision to waive counsel is made knowingly and voluntarily, that the defendant was made aware of the dangers and disadvantages of self-representation, and to establish on the record that the defendant knows what he is doing and his choice is made with eyes open). At trial, the following exchange occurred:

> THE COURT: . . . I have appointed him standby counsel.
>
> [State's counsel]: I will try to find him. I'm not sure where he went.
>
> BORNE: Who is he going to represent?
>
> THE COURT: He will sit by you at your table and if you have any questions, you can ask him. And if you don't, then he will remain silent.
>
> BORNE: So he is not going to speak at all for me?
>
> THE COURT: No. Unless you want him to. If you have a question during the[] trial, then that's what standby counsel does.
>
> BORNE: I am just putting on the record that I don't want him to speak for me at all.
>
> THE COURT: That's fine. You don't have to say that. . . .
> . . . you get to present your case to the jury. However, [standby counsel] has been appointed by the Court due to your age and your lack of knowledge of the Penal Code and the Code of Criminal Procedure.

Borne acknowledged on the record that no one was forcing him to represent himself and it was his decision. Throughout the trial Borne asked the court to answer

15

legal or procedural questions, and the trial court repeatedly instructed Borne to direct his questions to his standby counsel. Borne acknowledges in his appellate brief that the only participation by standby counsel was to accept discovery from the State and to request that the court remove the jury if Borne asked standby counsel a question.

As we have explained, the appointment of standby counsel over a defendant's objection does not violate the Sixth Amendment. *See id.* at 834 n.46. Borne's brief does not cite contrary authority, nor does it explain how any of his substantial rights were affected by standby counsel's presence at trial. *See* Tex. R. App. P. 38.1(i), 44.2(b). Although Borne complains that the trial court held him to the same standards as an attorney, a criminal defendant who waives his right to counsel and chooses to proceed pro se is held to the same standards as an attorney who would represent him. *See Johnson*, 760 S.W.2d at 279 ("The [pro se] defendant should be aware that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his pro se rights."). Accordingly, we find no error in the trial court's appointment of standby counsel, and we overrule Borne's second issue.[4]

---

[4] Borne's brief also asserts that his standby counsel was appointed subsequent to an ex parte discussion between the trial court and the prosecutor. Because Borne failed to raise this objection at trial, he has failed to preserve error thereon. *See* Tex. R. App. P. 33.1(a).

16

Other Alleged Constitutional Deprivations

In a multifarious issue, Borne argues that various errors by the trial court deprived him of his constitutional rights. In the interest of justice, we address the arguments where we can determine, with reasonable certainty, the alleged error about which Borne complains. *See Davidson*, 249 S.W.3d at 717 n.2; *Marcum*, 983 S.W.2d at 767 n.1; *Barnes*, 634 S.W.2d at 26.

Injured Party

We understand Borne's brief to argue that the judgment against him is void in part because the State failed to identify an "injured party[.]" In various documents filed with the trial court, Borne challenged the trial court's jurisdiction arguing that there was no evidence of an injured party. The statute under which Borne was charged and convicted states that "a person commits an offense if the person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance listed in Penalty Group 1-A." *See* Tex. Health & Safety Code Ann. § 481.1121(a). Nothing in the statute's plain wording requires proof of an injured party. *See id.*

The Court of Criminal Appeals has explained that there are three categories of offenses based on the gravamen of the offense: "result of conduct," "nature of conduct," or "circumstances of conduct." *See Robinson v. State*, 466 S.W.3d 166,

17

170 (Tex. Crim. App. 2015). "Nature-of-conduct offenses are defined by the act or conduct that is punished, regardless of any result that might occur." *Id.* Possession of a controlled substance with intent to deliver is a "nature of conduct" offense. *See Peek v. State*, 494 S.W.3d 156, 162 (Tex. App.—Eastland 2015, pet. ref'd). Therefore, the gravamen of the offense of possession with intent to deliver is not the result or harm of the offense. *See Robinson*, 466 S.W.3d at 170.

Borne cites no legal authority for his contention that the State was required to identify an "injured party" in its indictment or that it had to present evidence of an injured party at trial, nor are we aware of any. *See* Tex. R. App. P. 38.1(i).[5] We find no merit to this argument.

Admission of Evidence

Borne argues on appeal that he was "denied the opportunity 'to offer proof'" because the trial court denied admission of certain "certified copies of a public record[.]" According to Borne, the result of the court's denial of his documents

---

[5] We note that the indictment meets the requirements of the Texas Code of Criminal Procedure and it includes, among other things, an allegation that the offense occurred "Against the Peace and Dignity of the State." *See* Tex. Code Crim. P. Ann. arts. 21.02, 21.21. *See generally* Malinda L. Seymore, *Against the Peace and Dignity of the State: Spousal Violence and Spousal Privilege*, 2 Tex. Wesleyan L. Rev. 239, 239 (Fall 1995) (explaining that the phrase "against the peace and dignity of the State" recognizes that "crimes are not purely personal matters between a defendant and a victim, but are offenses against society as a whole[]").

meant that he could not defend himself at trial and he was denied his First Amendment right to be heard.

At trial, Borne offered several documents, but the trial court did not allow the documents to be submitted to the jury and sustained the State's objections to the exhibits, which were all marked as Defense Exhibit 1 for appellate purposes only. The documents included documents that Borne had filed pro se, including documents styled as:

- Notice of Defects
- Notice of Trespass and Notice to Cease and Desist
- Injunctive Relief in the Nature of a Writ of Mandamus
- Affidavit of Truth
- Texas Jural Assembly, Notice of Trial-by-jury
- Notice and Demand for Anti-Bribery and Foreign Agents Registration Statements
- Notice and Demand to Dismiss Cause No. 18-09-12373CR for Lack of Subject Matter Jurisdiction
- Notice of Dishonor
- Notice of Default
- Non-Negotiable Notice of Acceptance
- Notice, Inquiry and Demand
- Final Notice of Termination
- Plea Offer/Response
- Notice of Claim to Private Law in the Nature of an Affidavit of Truth
- Judicial Notice

The State objected to admission of the documents based on relevance and hearsay.

The court sustained the State's objections.

19

Borne's brief fails to explain how the trial court erred in sustaining the objections. Borne does not explain why the documents he offered were relevant to his defense or were not hearsay or whether there was an exception to the rule against hearsay. *See* Tex. R. Evid. 401, 801-04. Borne cited no legal authority to support his argument that the trial court's exclusion of evidence under the Texas Rules of Evidence constitutes a violation of his First Amendment rights. *See* Tex. R. App. P. 38.1(i). We therefore conclude that Borne's argument about the exclusion of evidence lacks merit.

"Fruit of the Poisonous Tree"

According to Borne, evidence seized from his vehicle was inadmissible "fruit of the poisonous tree" because it was obtained without a search warrant. Borne did not make this objection at trial, nor did he move to suppress the evidence. Borne failed to preserve error on this issue. *See* Tex. R. App. P. 33.1(a); *Sample v. State*, 405 S.W.3d 295, 300-01 (Tex. App.—Fort Worth 2013, pet. ref'd) (citing *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011)). Even assuming Borne had preserved this complaint, there are several exceptions to the warrant requirement, including consent, exigent circumstances, the automobile exception, search incident to arrest, the special-needs doctrine, and the plain-view exception. *State v. Villarreal*, 475 S.W.3d 784, 798 (Tex. Crim. App. 2014); *Keehn v. State*, 279 S.W.3d 330, 334

(Tex. Crim. App. 2009). The State contends that the "automobile exception" would apply. We agree. Under the "automobile exception," a search warrant is not required to search an automobile when an officer has "probable cause" to believe the automobile contains contraband. *See Maryland v. Dyson*, 527 U.S. 465, 467 (1999); *Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008). Borne's "fruit of the poisonous tree" argument is meritless. We overrule Borne's complaint that his "constitutionally protected rights were violated[.]"[6]

We overrule Borne's issues and affirm the judgment of the trial court.

AFFIRMED.

_____

LEANNE JOHNSON
Justice

Submitted on November 12, 2019
Opinion Delivered January 8, 2020

Before Kreger, Horton and Johnson, JJ.

---

[6] In Borne's brief he also makes other complaints that fail to concisely articulate a point of error or are inadequately briefed. *See* Tex. R. App. P. 38.1(f), (i).