IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 124,493

STATE OF KANSAS,
*Appellee*,

v.

ROBERT LEE VERGE,
*Appellant*.

SYLLABUS BY THE COURT

1.

Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a court's jurisdiction in criminal prosecutions.

2.

Kansas courts have jurisdiction to try, convict, and sentence individuals who commit violations of Kansas criminal laws in the state of Kansas.

Appeal from Dickinson District Court; BENJAMIN J. SEXTON, judge. Opinion filed October 28, 2022. Affirmed.

*Sam S. Kepfield*, of Hutchinson, was on the brief for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

ROSEN, J.: Robert Lee Verge asks the courts to vacate his 1998 conviction of capital murder and other charges. He asserts that Kansas state courts had no jurisdiction to try or sentence him because he was not a citizen of Kansas or the United States and was a resident of Missouri when he committed the crimes.

In 1997, Verge and another man murdered two people in Dickinson County, Kansas, and committed other crimes at the victims' residence. After a jury convicted him, the court sentenced Verge to a hard 40 life term and consecutive terms for the other crimes. The conviction was affirmed in *State v. Verge*, 272 Kan. 501, 34 P.3d 449 (2001), but this court remanded for resentencing of the non-capital crimes because the upward departures violated his rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *State v. Gould,* 271 Kan. 394, 23 P.3d 801 (2001).

Over the following years, Verge filed a variety of motions collaterally attacking his conviction and sentence. All these challenges were either denied or dismissed.

On April 21, 2021, Verge filed the motion in the present case, captioned a Motion to Set Aside and Correction of Illegal Sentence. He appears to allege that no Kansas district court had jurisdiction to convict or sentence him because he was a "natural living soul, Indigenous Native Moorish-American National" who resided in Missouri at the time of the murders.

Following a hearing, at which Verge repeatedly demanded that the judge prove the source of his jurisdiction over him, the court denied the motion. He took a timely appeal to this court under K.S.A. 60-2101(b) and K.S.A. 2022 Supp. 22-3601.

Verge's arguments can be difficult to follow. He apparently argues that, as a resident of Missouri at the time of the murders, he was not subject to the jurisdiction of Kansas courts. He also contends he is not a citizen of the United States; he is instead a "natural living soul, Indigenous Native Moorish-American National" and is therefore not subject to the jurisdiction of any of the states or federal government. In addition, he seems to argue he is a corporate entity in Missouri and therefore not subject to long-arm diversity jurisdiction.

The existence of in personam jurisdiction is a question of law subject to de novo review. See, e.g., *Merriman v. Crompton Corp*., 282 Kan. 433, 439, 146 P.3d 162 (2006). We conclude Verge was properly subject to the jurisdiction of the trial and sentencing court.

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." U.S. Const. amend. XIV, § 1. Verge's birth certificate shows he was born in Jackson County, Missouri, on March 11, 1974. Any person who is born in the United States is a United States citizen, and it does not matter whether the person consented to citizenship. See 8 U.S.C. § 1401(a) (2018).

Furthermore, one does not lose one's citizenship simply by renouncing it. Americans cannot effectively renounce their citizenship by mail, through an agent, or while residing in the United States because of the provisions of section 349(a)(5) of the Immigration and Nationality Act. See 8 U.S.C. § 1481(a)(5) (2018). The Secretary of State has developed a legally enforceable set of procedures for renouncing citizenship, including an oath of renunciation and a form. See 22 C.F.R. § 50.50 (2022). Verge is therefore a citizen of the United States.

In any event, whether Verge is a citizen of Kansas or of the United States or of some other political entity does not affect the outcome of this case. The United States Constitution states that a criminal trial is to take place in the state in which the crime was committed. U.S. Const. amend. VI. Verge committed his crime in Kansas, and Kansas courts therefore have jurisdiction to try, convict, and sentence him.

It is the duty of all residents of this country, both citizens and noncitizens of the United States, to obey the laws of both the national and state governments. See, e.g., *Carlisle v. United States*, 83 U.S. (16 Wall.) 147, 148, 21 L. Ed. 426 (1872) (Aliens domiciled in the United States "are bound to obey all the laws of the country, not immediately relating to citizenship, during their residence in it, and are equally amenable with citizens for any infraction of those laws."); *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders."); *Leonhard v. Eley*, 151 F.2d 409, 410 (10th Cir. 1945) (alien residents must comply with state and federal laws); *United States v. White*, 480 Fed. Appx. 193, 194 (4th Cir. 2012) (unpublished opinion) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a . . . court's jurisdiction in criminal prosecutions . . . .")

This general principle applies to people purporting to have immunity from complying with laws because of their Moorish-American identity. See, e.g., *Caldwell v. Wood*, No. 3:07cv41, 2010 WL 5441670, at *17 (W.D.N.C. 2010) (unpublished opinion) (petitioner's allegation that membership in the Moorish-American Nation entitled him to ignore state laws was "ludicrous"); *Bond v. N.C. Dept. of Corr.*, No. 3:14-CV-379-FDW, 2014 WL 5509057, at *1 (W.D.N.C. 2014) (unpublished opinion) ("courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual States by virtue of their 'Moorish American' citizenship"); *Allah El v. District Attorney for Bronx County*, No. 09 CV 8746(GBD), 2009 WL 3756331, at *1 (S.D.N.Y. 2009) (unpublished opinion) (person's "purported status as a

4

Moorish-American citizen does not enable him to violate state . . . laws without consequence").

We agree with the conclusions of these other courts. Kansas courts had jurisdiction to try and sentence Verge. The judgment of the district court is affirmed.