NOT DESIGNATED FOR PUBLICATION

No. 127,208

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEFFREY RICHARD PRAFKE,
*Appellant*.


MEMORANDUM OPINION

Appeal from Harvey District Court; MARILYN M. WILDER, judge. Submitted without oral argument. Opinion filed November 1, 2024. Affirmed.

*Emily Brandt,* of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before ATCHESON, P.J., HURST and PICKERING, JJ.


HURST, J.: After being granted a downward dispositional departure and sentenced to 12 months of probation in lieu of a 20-month underlying prison sentence, Jeffrey Richard Prafke violated his probation. At a January 2023 probation violation and disposition hearing, the parties agree that the district court imposed a 60-day jail sanction for those violations—but disagree about whether the court took additional action. The State argues that the district court also extended Prafke's probation by 12 months as shown in the journal entry, but Prafke claims the court failed to impose a 12-month extension in its oral pronouncement. Whether the district court adequately extended

1

Prafke's probation is crucial because the State later moved to revoke his probation for a violation that occurred during the extension period.

While the district court's oral pronouncement could have been clearer, it was sufficient to show that the parties understood that the court extended Prafke's probation for an additional 12 months. Therefore, Prafke was on probation in February 2023, and the district court had jurisdiction to revoke his probation at that time.

The district court's revocation of Prafke's probation is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

On August 6, 2021, Jeffrey Prafke was convicted of methamphetamine possession, committed in September 2020. On February 1, 2022, the district court sentenced him to 12 months of probation with a 20-month underlying prison sentence. Without any changes, Prafke's probation would have terminated no later than February 1, 2023.

In October 2022, Prafke's intensive supervision officer (ISO) alleged Prafke violated the terms and conditions of his probation, and the State moved to revoke his probation. On January 3, 2023, the district court held a probation violation and disposition hearing where Prafke stipulated to violating the terms of his probation and requested the district court "follow the State's recommendation." When asked for the State's recommendation, the prosecutor responded that it requested "a 60-day sanction, credit for time served, may be released early to an inpatient bed if one is available." After hearing from both sides, the district court asked if the State's recommendation included an extension of Prafke's probation. The State said that it did, and the district court agreed to follow the State's recommendation.

2

The State's initial statement of its recommendation did not mention extending Prafke's probation term:

> "THE COURT: And, then, I think [Prafke's attorney] wanted you to tell me the recommendation of the parties for disposition.
>
> "[The State]: Yes, Your Honor. On this one, the State will be – the recommendation today is going to be a 60-day sanction, credit for time served, may be released early to an inpatient bed if one is available.
>
> "THE COURT: Okay. And, that is your understanding, as well?
>
> "[Attorney for Prafke]: Yes, Judge.
>
> "THE COURT: Okay. Mr. Prafke, there are several things I need to go through with you, sir, to make sure you understand your rights and understand what's happening here today.
>
> "THE DEFENDANT: Yes, ma'am.
>
> "THE COURT: So, I'm going to ask you questions.
>
> "First of all, sir, do you understand that any agreement you have with the State regarding a sanction or disposition of the Motion to Revoke Probation is just a recommendation, and I'm not bound by that?
>
> "THE DEFENDANT: Absolutely."

The court then explained to Prafke that it had the authority to revoke his probation and impose the underlying 20-month prison sentence, and Prafke said he understood. After the court's explanation, Prafke acknowledged that he understood his rights to a hearing and to question witnesses regarding the alleged violations. The court then explained that if Prafke waived his right to a hearing and stipulated, the court "will find probation has been violated." Again Prafke confirmed his understanding, denied being promised anything in exchange for waiving his hearing, and waived his right to a hearing.

After waiving his right to a hearing, the court noted the State's withdrawal of several alleged violations and went through the remaining allegations, inquiring if Prafke admitted or denied each. Prafke admitted each remaining violation. The parties declined to be heard further regarding the disposition, and Prafke's attorney said, "We're just

requesting Your Honor follow State's recommendation." The court then engaged in the following discussion and explanation of the recommendation in which it discussed extending Prafke's probation:

> "THE COURT:  I will follow the recommendations, recommendation of the parties.
>
> "I am noting that I waived a Special Rule back in February of 2022, that would have sent Mr. Prafke to prison at that time. But, will try probation again, or continue— well, counsel, you didn't actually address that. Are we extending probation today for the same period of time?
>
> "[The State]: State will ask for an extension today for the same period of time.
>
> "THE COURT: That will be a 12-month extension in 20-CR-441, and also in 21-CR-475. Is that the intention?
>
> "[Prafke's counsel]: That's my understanding.
>
> "THE COURT: Okay. So, I will, having found probation has been violated, impose a 60-day sanction, Mr. Prafke. Will give credit for time served, which looks like it's since the arrest in this case. Looks like has been sometime in mid December, or so.
>
> "Would also grant an early release if Mr. Prafke can be released directly into inpatient treatment.
>
> . . . .
>
> "THE COURT: I didn't say it, but I want to make sure it's clear. The probation will be on the same terms and conditions as previously."

In July 2023, the district court filed a journal entry for the January 2023 hearing. The journal entry section, entitled "DISPOSITION OF THIS VIOLATION HEARING," indicated that Prafke's probation was extended for 12 months. The journal entry also stated that Prafke was to serve 60 days in county jail with credit towards time served.

In March 2023, the State filed another motion to revoke Prafke's probation, alleging he violated the terms of his probation by failing to report to his ISO as required. The alleged violations occurred after the date of when Prafke's original probation—if it were not extended—would have ended. The district court held a hearing in August 2023

4

where it revoked Prafke's probation and imposed a reduced sentence of 17 months in 20-CR-441 and imposed the original sentence of 10 months in 21-CR-475 to run consecutive to the 17-month sentence.

Prafke appeals.

DISCUSSION

Prafke alleges that the district court lacked jurisdiction to revoke his probation in August 2023 because he was not actually on probation at the time of the alleged probation violations. According to Prafke, his probation terminated on February 1, 2023, because the district court failed to lawfully extend his probation in January 2023, and thus the district court lacked jurisdiction to revoke his probation during the August 2023 hearing. Prafke raises this issue for the first time on appeal, but as he correctly points out—this court can take up the issue of jurisdiction at any time. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019) (questions of the court's jurisdiction "can be raised at any time regardless of whether the issue was presented to the district court."); see also *State v. Hall*, 246 Kan. 728, 760-61, 793 P.2d 737 (1990) (permitting claims of lack of jurisdiction to be presented for the first time on appeal).

This court reviews whether the district court had jurisdiction, either subject matter or in personam, de novo—looking at the issue anew. *State v. Smith*, 311 Kan. 109, 111, 456 P.3d 1004 (2020); see *State v. Verge*, 316 Kan. 554, 555, 518 P.3d 1240 (2022). Probation violation proceedings have two stages: "(1) violation stage which, if a violation is established, proceeds to the (2) disposition stage, of which revocation may be a part." *State v. Skolaut*, 286 Kan. 219, 229, 182 P.3d 123 (2008). Although a probation violation warrant may be issued at any time during a defendant's term of probation and within 30 days following the date probation is scheduled to terminate, an individual's postprobationary conduct cannot be considered during the violation stage. 286 Kan. at 229-30, 234. During the postprobationary period, "there simply [are] no conditions of

5

probation for [an individual] to violate because [they are] not on probation at the time." 286 Kan. at 232.

While a district court cannot consider "'[c]onduct occurring after the end of the probation or parole term'" during the violation stage of the proceedings, that is not the issue presented here. See 286 Kan. at 232-33 (quoting 2 Cohen, The Law of Probation and Parole, § 18:19 [2d ed. 1999]). The issue here is whether the district court extended Prafke's probation during the January 2023 violation and disposition hearing. Prafke's conduct leading to the revocation of his probation would only be considered postprobationary conduct if the court had not extended his probation in the January 2023 hearing.

Determining whether the district court extended Prafke's probation turns on whether the court properly orally pronounced a probation extension during the January 2023 violation and disposition hearing. When the district court found Prafke violated his probation and imposed a 60-day sanction, it failed to state that it was also extending Prafke's probation at that same moment in the proceedings. Prafkey contends that failure means the district court "did not actually pronounce an extension." Prafke argues "[i]t is not relevant that the journal entry . . . purported to extend [Prafke's] probation" because the court did not orally extend the probation.

A criminal sentence is effective as of the court's oral pronouncement and the court's sentencing journal entry "merely records the sentence imposed." *State v. Juiliano*, 315 Kan. 76, 84, 504 P.3d 399 (2022) (citing *State v. Phillips*, 289 Kan. 28, 33, 210 P.3d 93 [2009]). The criminal sentence "does not derive its effectiveness from the sentencing journal entry." *Juiliano*, 315 Kan. at 84. Therefore, if the sentence in the journal entry differs from the court's oral sentencing pronouncement, then "the orally pronounced sentence controls." 315 Kan. 76, Syl. ¶ 4.

6

Contrary to Prafke's argument, the district court's oral pronouncement does not differ from its journal entry. During the January 2023 hearing, the court clearly stated its intent to follow the parties' agreed recommendations and the court asked the parties' recommendation when it said, "Are we extending probation today for the same period of time?" The State confirmed that it would "ask for an extension today for the same period of time." The court clarified the intent that "[t]hat will be a 12-month extension in 20-CR-441, and also in 21-CR-475," to which Prafke's attorney replied, "That's my understanding." This shows that the parties agreed to recommend a probation extension, the district court understood that agreement, and that the court intended to follow that recommendation. The district court then clarified that "[t]he probation will be on the same terms and conditions as previously."

The context of the violation and disposition hearing demonstrates that the district court extended Prafke's probation. This court reviews the entire sentencing hearing in context—not just focusing on a single portion or statement—to determine the sentence orally pronounced by the court. See, e.g., *State v. Hill*, 313 Kan. 1010, 1015, 492 P.3d 1190 (2021) (reviewing the context of the entire sentencing hearing to identify sentence). While the court did not sum up the entire sentence in a single, neat statement, the context shows the court's intent that there "will be a 12-month extension" and that Prafke's "probation will be on the same terms and conditions as previously." Prafke argues that the clarifying statements from the court did not properly extend his probation, but he provides no support for such a narrow interpretation of the court's statements under the circumstances. In fact, the court made it clear that it intended to follow the parties' recommendation—so clarifying the parties' intent was part of that process. Moreover, Prafke fails to acknowledge the district court's final statement that Prafke's "probation will be on the same terms and conditions as previously." Given that the hearing was held less than 30 days before the scheduled end of Prafke's original probation term—and Prafke's 60-day jail sanction (even with time served) would have extended beyond his

original probation term—the court's statements also logically support that it extended Prafke's probation term.

While the district court's orally pronounced sentence could have been clearer, this court finds that the district court properly extended Prafke's probation for 12 months. The district court is not required to sum up the entire sentence at one time or in one statement, although it could be helpful. This court declines to impose specific verbiage requirements when the sentence can be discerned by reviewing the entire context of the court's statements during the sentencing hearing. To find that the district court did not extend Prafke's probation would require this court to ignore multiple statements from the district court, which it declines to do.

CONCLUSION

The context of the sentencing hearing demonstrates that the parties recommended that the district court extend Prafke's probation for 12 months and the district court intended to, and did in fact, follow that recommendation. Although it was not stated at the same time as other portions of his sentence, the district court confirmed Prafke's probation extension more than once. So long as the sentence is clear from the context—as it is here—the district court is not required to orally pronounce sentences in a single, summation statement. The district court did not lack jurisdiction to revoke Prafke's probation.

Affirmed.